UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ANDREWS BLEVINS , <br><br> Petitioner, <br><br> v. <br><br> JANICE LACROSS, <br><br> Respondent. | CASE NO. 3:22-cv-05843-BHS-BAT <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Michael Andrews Blevins, whiled a detainee of the Kitsap County Jail, filed a 42 U.S.C. § 1983 complaint against his Public Defender, Janice LaCross.[1] The Court screens complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Because the complaint has several fatal deficiencies that cannot be cured by amendment, the Court recommends the complaint be dismissed with prejudice at this juncture. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (Leave to amend may be denied if the proposed

---

[1] After Plaintiff filed his complaint, he was transferred to the Washington Corrections Center, *See* Dkt. 3.

REPORT AND RECOMMENDATION - 1

amendment is futile or would be subject to dismissal.). The Court also notes this matter is also subject to dismissal because Plaintiff was requested to cure his deficient application to proceed *in forma pauperis* (IFP) no later than December 2, 2022 and has failed to respond to that request. If Plaintiff submits a sufficient IFP application during the pendency of this report and recommendation, the Court recommends the IFP application be stricken as moot if the recommendation to dismiss this matter is adopted.

## DISCUSSION

### A.   The Complaint

Plaintiff's complaint alleges "I was arrested on August 21, 2022 for failure to register as a sex offender. "My attorney never questioned me about my or anything pertinate [sic] to my case! I was never read my Miranda rights by Bremerton Police!" Docket 1 at 4. Plaintiff contends he was harmed by his attorney's conduct because "[t]his incarceration add[ed] points to my offender score it also defames my credibility." *Id* at 5. Plaintiff further contends "She admitted in court that she wasn't completely aware of my point score and I don't believe that I'm serving a sentence based upon my actual offender score." As relief, Plaintiff avers "I wish to be released from my prison sentence!" *Id.* at 9.

### B.   Legal Standards

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d

REPORT AND RECOMMENDATION - 2

1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

       1.       *Challenges to a Criminal Conviction and Sentence*

Plaintiff requests the Court order he be released from his prison sentence. This request essentially asks the Court to dismiss or vacate Plaintiff's criminal conviction and prison sentence. However, a civil lawsuit brought under 42 U.S.C. § 1983 is not the proper legal mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28 U.S.C. § 2254 is the exclusive federal remedy for a state prisoner who request the invalidation of his conviction and sentence based on the claim that the conviction and sentence are unconstitutional. *See Young v. Kenny*, 907 F.2d 874, 876 (9th Cir. 1989). This rule is "rooted in considerations of federal-state comity," in which the federal courts must give the state courts the first opportunity to correct errors committed at the trial level on direct appeal or in post conviction proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

To the extent Plaintiff is seeking federal habeas relief under 28 U.S.C. § 2254, via his § 1983 civil rights complaint, the Court cannot grant such relief at this point. The Court should dismiss this matter, if construed as a habeas petition, before Respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

Plaintiff can pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). A state prisoner must present the state courts with the same claim he urges upon the federal courts. *Picard, supra.*

Here, the complaint alleges Plaintiff was arrested in August 2022. There is no indication he has filed a direct appeal of his conviction or that he has presented any federal constitutional claims in either the Washington Court of Appeals or the Washington Supreme Court on direct appeal or through a personal restraint petition. Therefore, Plaintiff has not fully exhausted his claims in the state courts and his complaint should be dismissed without prejudice to the filing of a federal habeas petition after he has exhausted his state judicial remedies.

   2.   *Public Defender*

Plaintiff names one defendant, his public defender. A public defender performing traditional lawyer functions is not a state actor that can be sued under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Here, the complaint alleges Plaintiff's public defender provided Plaintiff poor representation by failing to discuss pertinent matters about his case with Plaintiff and admitting in Court she was unclear about his criminal history points. These allegations--consulting with a client and representing a client in a court hearing—involve actions that are clearly traditional

REPORT AND RECOMMENDATION - 4

lawyer functions. The defendant public defender thus is not a state actor who can be sued under § 1983.

       3.     *Miranda Violation*

Plaintiff also asserts the officers who arrested him did not give him *Miranda* warnings. In *Vega v. Tekoh*, 142 S. Ct. 2095 (2022), the Supreme Court held a *Miranda* violation is not a basis to sue for damages under § 1983, and this claim, should thus be dismissed.

In sum, the Court recommends dismissing Plaintiff's § 1983 civil rights complaint. Plaintiff requests the Court order as relief his release from his "prison sentence." A federal petition for habeas corpus is the sole avenue for such relief and such relief thus cannot be granted under the civil rights complaint filed here. Even if the Court considered Plaintiff's civil rights complaint as a habeas petition, the Court must deny habeas relief because there is nothing showing Plaintiff has presented his claims to the highest state court and has thus properly exhausted his claims. This Court cannot grant federal habeas relief on unexhausted claims.

Furthermore, § 1983 relief is unavailable. Plaintiff sues his public defender alleging she failed to properly confer with him and admitted in Court a lack of knowledge regarding his criminal history. The allegations involve traditional lawyer functions and thus the defendant public defender is not a "state actor' who can be sued under § 1983. And lastly, the Supreme Court has held the failure to be give *Miranda* warnings is not a basis to sue under r§ 1983.

Because none of the above deficiencies can be cured at this point, leave to amend would be futile and the Court should dismiss Plaintiff's civil rights complaint at this juncture. The Court should also dismiss this matter because Plaintiff was directed submit a sufficient application to proceed *in forma pauperis*, by December 2, 2022, and has failed to do so.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 20, 2022.** The Clerk shall note the matter for **December 23, 2022** , as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6